UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.:  1:08-CV-11542  (WGY)

ARBELLA INSURANCE &
      KURT WOELFLE,
           Plaintiff,

v.

SNAP-ON INCORPORATED
           Defendant.

## DEFENDANT SNAP-ON INCORPORATED'S ANSWER AND AFFIRMATIVE DEFENSES WITH JURY CLAIM

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the defendant Snap-on Incorporated ("Defendant" or "Snap-on Incorporated") hereby answers the serially numbered counts and paragraphs of the plaintiff's Complaint as follows:

1. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. Admitted that Snap-on Incorporated is organized as a corporation under the laws of Delaware, has a place of business in Kenosha, Wisconsin, and has a registered agent for the

service of process in Boston, Massachusetts. Snap-on Incorporated also admits that it distributes and manufactures certain products. Otherwise, denied in the form alleged.

4.  Admitted that Snap-on Incorporated distributes certain products, including at one time a TEXO motorcycle lift. Otherwise, denied in the form alleged.

5.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.  The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.  Admitted that Arbella Insurance has certain rights pursuant to Massachusetts statutes. Otherwise, denied in the form alleged.

## **COUNT I**

9.  Snap-on Incorporated restates Paragraphs 1-8 as if fully stated herein.

10. Denied, including all sub-parts.

11. Denied.

The following paragraph appears to be a prayer for relief, to which no answer is required.

**COUNT II**

12. Snap-on Incorporated restates Paragraphs 1-11 as if fully stated herein.

13. Denied.

14. Denied, including all sub-parts.

15. Admitted that certain warranties arise as a matter of law upon the sale of a product under Massachusetts law, but denied that this paragraph accurately, fully, or fairly describes those warranties.

16. Denied.

17. Denied.

The following paragraph appears to be a prayer for relief, to which no answer is required.

**COUNT III**

18. Snap-on Incorporated restates Paragraphs 1-17 as if fully stated herein.

19. Denied in the form alleged. Admitted that certain warranties arise as a matter of law upon the sale of a product in Massachusetts and that Snap-on Incorporated provides certain information to distributors and to the public regarding certain products.

20. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

The following paragraph appears to be a prayer for relief, to which no answer is required.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff's claims are barred, or his right of recovery is reduced proportionately, by his own negligence.

### **Second Affirmative Defense**

Plaintiff's injuries and/or damages were caused by others and/or the acts of others, for whose conduct Defendant is not responsible.

### **Third Affirmative Defense**

Plaintiff's claims are barred by the statute of limitations.

### **Fourth Affirmative Defense**

Even if the subject product was defective, which Defendant specifically denies, plaintiff's injuries and damages alleged, if any, were caused by a third party's intentional, knowing, and/or negligent misuse of the product.

### **Fifth Affirmative Defense**

Plaintiff's late notice of any alleged breach of warranty has prejudiced Defendant, wherefore plaintiff's right to recover is barred.

### Sixth Affirmative Defense

The plaintiff's apparent failure to warn claims are barred by the sophisticated user doctrine.

### Seventh Affirmative Defense

The product involved in plaintiff's alleged accident complied with the "state of the art" as defined by Massachusetts law.

### Eighth Affirmative Defense

Plaintiff knowingly and unreasonably assumed the risk of any alleged defect in the product complained of.

### Ninth Affirmative Defense

Even if the subject product was defective, which is specifically denied, the plaintiff is barred from recovery because he was aware of the alleged defect and nonetheless proceeded voluntarily and unreasonably to encounter a known danger.

### Tenth Affirmative Defense

Plaintiff's claim for relief under Massachusetts General Laws ch. 93A fails to state a valid claim under the statute and plaintiff has failed to comply with the jurisdictional prerequisites of that statute.

### Eleventh Affirmative Defense

Any danger associated with the subject product was open and obvious so that plaintiff may not recover under a claim for failure to warn.

### Twelfth Affirmative Defense

Arbella Insurance lacks standing.

### Thirteenth Affirmative Defense

Arbella Insurance's claims are not yet ripe for determination by this Court.

### DEMAND FOR JURY TRIAL

Defendant Snap-on Incorporated demands a trial by jury on all issues triable by jury and requests a trial by jury on Plaintiffs's Chapter 93A claim.

> Defendant,
> Snap-on Incorporated,
> By its attorneys,
>
> ___/s/ Gregg P. Bailey_____
> Peter M. Durney, BBO # 139260
> Gregg P. Bailey, BBO # 648259
> CORNELL & GOLLUB
> 75 Federal Street
> Boston, MA  02110
> TEL: (617) 482-8100
> FAX: (617) 482-3917

### CERTIFICATE OF SERVICE

I, Gregg P. Bailey, attorney for the defendant, Snap-on Incorporated, hereby certify that on the 17th day of September, 2008, a true copy of the foregoing, Defendant Snap-on Incorporated's Answer and Affirmative Defenses with Jury Claim, will be filed through the ECF

system and sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be served via first-class mail, postage prepaid, upon anyone indicated as a non-registered participant.

      /s/ Gregg P. Bailey
      Gregg P. Bailey